*FILED*

*SEP 24 2018*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHEN DISTRICT OF WEST VIRGINIA** *U.S. DISTRICT COURT-WVA WHEELING, WV 26003*

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                        Criminal Action No. 5:18-cr-14-7

ROBERT L. GREGORY,

           Defendant.

# REPORT AND RECOMMENDATION

On September 21, 2018, the Court held an evidentiary hearing and oral argument vis-à-vis Defendant, Robert L. Gregory's (hereinafter "Defendant") Motion to Suppress [ECF No. 122].[1] Robert H. McWilliams, Esq., appeared on behalf of the United States. Defendant appeared in person and by counsel, Paul J. Harris, Esq. After considering Defendant's Motion and Memorandum in Support [ECF No. 123], the Government's Responses in Opposition [ECF Nos. 130, 161 and 164] the applicable law and the Court file, and after considering the arguments made during the aforementioned hearing, the Court is prepared to issue its recommendations with respect to the same.

---

[1] The parties also appeared vis-à-vis Defendant's Motion for Bill of Particulars, which will be addressed in a separate filing by the Court.

# I.

## FACTUAL/PROCEDURAL HISTORY

On or about June 5, 2018, a Federal Grand Jury returned a one (1) count Indictment against Defendant, charging conspiracy to distribute and to possess with the intent to distribute controlled substances, specifically: methamphetamine, heroin, cocaine and cocaine base.   Defendant is one of eight (8) Defendants so charged.    Defendant has filed the instant Motion to Suppress, seeking to suppress the fruits of the search conducted at an apartment located at 186 S. Front Street, Columbus, OH; evidence of wire communications; evidence of surveillance of an alleged drug exchange; and the use of Mr. Gregory's statement as given to police.   The Court will address Defendant's arguments *in seriatim.*

# II.
## DISCUSSION

### A.   Search of 186 S. Front Street, Columbus, OH

Defendant contends that the fruits of the search of the aforementioned apartment must be suppressed because detectives did not know whether Defendant resided in the apartment searched, Defendant was not present when the search occurred, the apartment was not in Defendant's name and there is nothing tying Defendant to the fruits of the search.   For the reasons that follow, the Court is satisfied that these arguments are without merit.

The Fourth Amendment is implicated when a government agent conducts a search in violation of an individual's "reasonable expectation of privacy" in a protected area or item. A person has a constitutionally protected reasonable

expectation of privacy when the person demonstrates a subjective expectation of privacy and the person's expectation of privacy is one that society considers objectively reasonable. *See Katz v. United States*, 389 U.S. 347, 361, 88 S. Ct. 507, 516 (1967). For example, a person has a reasonable expectation of privacy in one's home and personal belongings. (*Id.*).

In order to challenge a search under the Fourth Amendment, the person must have a "reasonable expectation of privacy" in the item or place that was searched. *See Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *see also Alderman v. United States*, 394 U.S. 165, 174, 89 S. Ct. 961, 966 (1969) (stating that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois*, 439 U.S. 128, 134, 99 S. Ct. 421, 425 (1978). In this sense, a person must have "standing" in order to challenge a search and seizure under the Fourth Amendment.

While a person typically does not have standing to challenge a search and seizure of another person's home, there are situations where a person "may have a legitimate expectation of privacy in the house of someone else." *Minnesota v. Carter*, 525 U.S. 83, 89 (1998). For example, the Supreme Court found that "an overnight guest has a legitimate expectation of privacy in his host's home." *Minnesota v. Olson*, 495 U.S. 91, 110 S. Ct. 1684 (1990). The

Supreme Court further clarified that "an overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not." *Carter*, 525 U.S. at 90. Similarly, in *Jones*, the Supreme Court found that the defendant had a reasonable expectation of privacy in another's apartment because he had been given use of the apartment by a friend, kept clothing at the apartment, slept in the apartment for "maybe a night" and at the time of the search was the sole occupant of the apartment. *Jones v. United States*, 362 U.S. 257, 259, 80 S. Ct. 725 (1960). Unlike overnight guests or residents, those "essentially present for a business transaction" and "only in the home a matter of hours" do not have a reasonable expectation of privacy in another person's home. *Carter*, 525 U.S. at 90. Moreover, a person present in the home of another person for the purpose of distributing drugs does not have a reasonable expectation of privacy and therefore lacks standing to challenge an unlawful search. *United States v. Gray*, 491 F.3d 138, 146-47 (4th Cir. 2007).

In the instant case, Defendant admits that he did not own or rent the apartment in question. Further, there is no evidence that Defendant was an overnight guest at the time of search or at any other pertinent time. Accordingly, there is nothing before the Court to support a finding that Defendant had a reasonable expectation of privacy at the subject property. As a result, the Court **FINDS** that Defendant lacks standing to challenge the search conducted at 186 S. Front Street, Columbus, OH, and therefore

**RECOMMENDS** that Defendant's Motion to Suppress vis-à-vis this argument be **DENIED**.

### B. Evidence of Wire Communications

Defendant next asserts that evidence of any wire interception must be suppressed because it was wrongfully intercepted.   Specifically, Defendant avers that evidence concerning any conversation which included Defendant should not have been intercepted because the intercept "targeted specific telephone numbers."   *See* Defendant's Memorandum in Support of Motion to Suppress [ECF No. 123], pg. 3.   Defendant does not elaborate on his argument beyond this statement.   The Court is unaware of and Defendant does not cite to any authority which would render evidence of wire communications inadmissible generally because the evidence was intercepted upon the targeting of specific telephone numbers.   Indeed, and to the contrary, it appears that the identification of the communication to be intercepted is necessary, generally, in order to obtain a warrant for such information and/or evidence.   *See* 18 U.S.C. § 2518.   For these reasons, the Court **FINDS** that this argument is without merit, and therefore **RECOMMENDS** that Defendant's Motion to Suppress vis-à-vis this argument be **DENIED**.

In the alternative, Defendant contends that, before any recorded telephone call is played to the jury, the identity of the speakers must be established and that no witness may testify as to what Defendant meant by using certain "code words."   *See* Defendant's Memorandum in Support of Motion to Suppress [ECF No. 123], pg. 4.   Defendant relies upon Rule 901 of

the Federal Rules of Evidence to support this argument.  Defendant also avers that an expert witness is needed to substantiate what is meant by certain "code words."  After considering this argument, the Court is satisfied that this issue constitutes a trial issue, which is more appropriately determined by the trial judge.  Accordingly, the Court **FINDS** that this issue should be **DEFERRED** for determination by the trial judge.

## C.    Evidence of Alleged Drug Exchange

Defendant next argues that evidence of alleged drug exchanges should be precluded from trial because they were not controlled buys, no testing was ever done to confirm whether the exchange involved methamphetamine as the detectives allege, and because there is no way to confirm that it was methamphetamine which was actually exchanged.  For these reasons, Defendant contends that introduction of this evidence at trial would be highly prejudicial and of no probative value.  After considering this argument, the Court is satisfied that this issue should be **DEFERRED** inasmuch as it constitutes a trial issue and is therefore a matter more appropriately determined by the trial judge.

## D.    Defendant's Statement to Police

Finally, Defendant argues that the statement he made to police upon his arrest should be precluded from trial inasmuch as it is a hearsay statement governed by the hearsay rules because it constitutes a statement by an alleged co-conspirator after the alleged conspiracy had already terminated.  Defendant contends that, therefore, said statement is inadmissible at trial.  *See United*

6

*States v. Pratt*, 239 F.3d 640 (4th Cir. 2001).   After considering this argument, the Court is satisfied that this issue should be **DEFERRED** inasmuch as it constitutes a trial issue and is therefore a matter more appropriately determined by the trial judge.[2]

## III.
## RECOMMENDATION

Accordingly, and for all of the foregoing reasons, the Court **RECOMMENDS** that the Defendant's Motion to Suppress [ECF No. 122] be **DENIED** with respect to Defendant's argument that the search warrant for 186 S. Front Street, Columbus, OH, was invalid; and with respect to Defendant's argument that evidence of wire communications must be suppressed.   The Court would **DEFER** to the trial judge for a determination of the remaining issues inasmuch as they constitute issues for trial.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.   A copy of such objections should be submitted to the District Court Judge of Record.   Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S.

---

[2] Defendant does not raise a *Miranda* challenge to the subject statement.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: _9-24-18_

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE